# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CEDRIC CARTER,

    Petitioner,

Case No. 1:98-cv-853

-vs-

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

    Respondent.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

This case is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 109), filed to bring to the Court's attention a number of cases decided since this Court limited the evidence which would be presented at evidentiary hearing.

When this issue was last before the Court, the Magistrate Judge excluded the proposed testimony of Carol Wright (offered as an attorney expert on the standards for capital representation at the time of trial), Robert Bornstein (offered as a neuropsychological expert), and trial counsel Mark Krumbein and Herbert Haas on the grounds that Petitioner had not been sufficiently diligent in presenting this evidence to the state courts (Decision and Entry, Doc. No. 90; Supplemental Memorandum, Doc. No. 96). Over Petitioner's Objections (Doc. No. 93), Judge Rose affirmed that Decision (Doc. No. 100).

The Magistrate Judge set out in detail in the prior decisions his reasons for concluding that Petitioner had not exercised due diligence in presenting evidence to the state courts in the post-

conviction process. Petitioner asks the Court to reconsider that ruling in light of *Mason v. Mitchell*, 320 F. 3d 604 (6th Cir. 2003). In that case the majority found Mason had exercised due diligence in the following language, responding to Judge Boggs' dissent:

> n6 Judge Boggs suggests that Mason does not meet the requirements for an evidentiary hearing as laid out in 28 U.S.C. § 2254(e)(2). Although subsection (e)(2)'s conditions are, indeed, onerous, "only a prisoner who has neglected his rights in state court need satisfy these conditions." *Michael Williams v. Taylor*, 529 U.S. 420, 435, 146 L. Ed. 2d 435, 120 S. Ct. 1479 (2000). In determining whether § 2254(e)(2) applies, the question is not whether the petitioner has succeeded in developing the record, but whether the petitioner has diligently attempted to do so. *See M. Williams*, 529 U.S. at 432 ("[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). Mason here has been sufficiently diligent; as the Supreme Court explained, "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. Mason requested (and was denied) a hearing in state court and has actively sought to expand the record. We see no lack of diligence, so we do not apply § 2254(e)(2).

As this Court noted in its prior Decisions, diligence in pursuing a post-conviction petition under Ohio Revised Code § 2953.21 requires that affidavits be submitted as a threshold matter to entitle a defendant to anything more than summary dismissal. *State v. Jackson*, 64 Ohio St. 2d 107, 413 N.E. 2d 819 (1980). In the state court, Petitioner submitted some affidavits, but none containing anything like the evidence sought to be presented now. Petitioner also requested an evidentiary hearing in state court, in the summary fashion in which lawyers demand a jury trial in state and federal civil practice. He never attempted to present anything like the evidence from Krumbein, Haas, Wright, and Bornstein which he now seeks to present, nor did he ever alert the state court that he would offer such evidence if given an evidentiary hearing. As *Mason's* quotation from *Michael*

*Williams* makes clear, an evidentiary hearing must be requested "in the manner prescribed by state law."

Petitioner also relies on *Michael Williams, supra*, for the proposition that when the failure to develop facts in the state court is the result of state action, a habeas petitioner is not precluded from presenting those facts when later developed in the habeas proceeding. However, Petitioner here makes no showing that the State of Ohio somehow prevented him from presenting in the Ohio Revised Code § 2953.21 process any of the evidence he now seeks to present. He does not even advise this Court what efforts he made in that process to develop this evidence. As emphasized in the prior Decisions, the need for the type of evidence now being offered should have been clear at the post-conviction stage.

Petitioner argues that he made a "reasonable effort 'to discover claims to commence'" in the post-conviction process. But the standard in *Michael Williams* is not thoroughness of pleading, but diligence in factual development.

Petitioner also relies on *Banks v. Dretke*, 540 U.S. 668 (2004), but it is likewise unhelpful to his cause. The Supreme Court found that Banks could show cause for his failure to present the relevance evidence in the state courts because the State had concealed the evidence. That satisfied the relevant test under *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992), which, as *Michael Williams* notes, has been codified in the AEDPA.

Upon reconsideration, the Court adheres to its prior conclusion that proposed witnesses Krumbein, Haas, Wright, and Bornstein not be permitted to testify at the evidentiary hearing because Petitioner did not exercise due diligence in presenting their testimony (or that of similar experts in the case of Wright and Bornstein) in the post-conviction proceeding.

Counsel will contact the Magistrate Judge's judicial assistant to arrange a time for the evidentiary hearing.

June 24, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge