# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CEDRIC CARTER,

    Petitioner,

        -vs-

BETTY MITCHELL, Warden,

    Respondent.

:

:

:

Case No. 1:98-cv-853

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON MOTION TO STAY FEDERAL HABEAS PROCEEDINGS

This capital habeas corpus case is before the Court on Petitioner's Motion to Stay Federal Habeas Proceedings and Hold Them in Abeyance to Permit Petitioner to Return to State Court to Exhaust Evidence Developed During Federal Habeas Proceedings (Doc. No. 165).  The Warden opposes the Motion (Doc. No. 169) and Petitioner has filed a Reply Memorandum in Support (Doc. No. 170).

While a motion to stay pre-judgment is nondispositive and thus within the decisional authority of a magistrate judge, this Motion is made post-judgment and thus deemed referred under 28 U.S.C. § 636(b)(3) and requiring a report and recommendations.

### Procedural History

On August 10, 2006, this Court denied Carter's Petition for habeas corpus relief in its

1

entirety (Doc. No. 137). On March 30, 2007, it granted a certificate of appealability on one ground for relief (Doc. No. 148). The Sixth Circuit Court of Appeals expanded the certificate and, on September 6, 2012, affirmed in part and remanded in part. *Carter v. Mitchell*, 693 F. 3d 555 (6th Cir. 2012). No petition for certiorari was filed and the Sixth Circuit issued its mandate October 31, 2012 (Doc. No. 157). On December 20, 2012, District Judge Rose confirmed that the reference of the case to the undersigned continued in effect as to the remanded issues (Doc. No. 162). The undersigned then filed a Post-Remand Report and Recommendations on January 14, 2013 (Doc. No. 163). That Report became ripe on Objections (Doc. No. 166) and Response (Doc. No. 172) on April 22, 2013, and has been recommitted to the Magistrate Judge for further consideration (Doc. No. 167). The instant Motion seeks to stop the remand process and have all further proceedings stayed pending the filing and decision of a successive post-conviction proceeding in the Ohio courts.

Petitioner argues that a good deal of evidence was developed in these proceedings that no state court has ever considered and which cannot now be relied upon by this Court in deciding the remanded issues because of *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011)(Motion, Doc. No. 165, PageID 595-598). He wishes to present that evidence to the Ohio courts so that they can consider and, if they do not grant relief based on it, he will then be able to rely on its when he returns to this Court after those proceedings are completed.

As authority for staying these proceedings, Petitioner relies on *Rhines v. Weber*, 544 U.S. 269 (2005). The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a

2

> petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.

To obtain the benefit of *Rhines*, Petitioner attempts to expand its scope from unexhausted **claims** to unexhausted **evidence**. Indeed, his first argument reads "Carter has not exhausted all evidence supporting his twenty-eighth and twenty-ninth grounds for relief in Ohio courts." (Motion, Doc. No. 165, PageID 596.) However, the concept of "unexhausted evidence" is not one known to habeas corpus jurisprudence.

*Rhines v. Weber* was a necessary accommodation of the AEDPA's one-year statute of limitations with the exhaustion doctrine. Before the AEDPA was adopted in 1996, when there was no statute of limitations on habeas corpus petitions, a federal court could dismiss a "mixed" petition of exhausted and unexhausted claims without imposing a risk of a time bar on habeas petitioners. That is what the Supreme Court commanded us to do in *Rose v. Lundy*, 455 U.S. 509 (1982). After AEDPA was adopted, it was necessary to keep the federal petition pending while claims were exhausted in state courts to preserve the petitioner's filing date for statute of limitations purposes. However, all the exhaustion doctrine known to this Court speaks of

exhaustion of claims, not evidence.

To extend *Rhines* to encompass "unexhausted evidence" would provide virtually limitless opportunities to delay finality in habeas litigation.[1] Particularly with respect to mitigation evidence, the ABA Guidelines suggest gathering as much biographical information as possible. *Bobby v. Van Hook*, 558 U.S. 4, 7-8 (2009). Virtually anything thus gathered may be presented in mitigation if arguably relevant. *Buchanan v. Angelone*, 522 U.S. 269, 276 (1998); *Lockett v. Ohio*, 438 U.S. 586 (1978); *Eddings v. Oklahoma,* 455 U.S. 104 (1982). Of course the time within which to gather mitigating evidence before trial is limited, but the time within which to gather such evidence post-conviction is limited only by the natural life of the defendant. Assuming diligence in searching for such evidence, a doctrine of "unexhausted evidence" would permit delay of finality in habeas for extended periods and perhaps on a repeated basis.

In any event, *Rhines* has not been expanded to cover "unexhausted evidence" by either the Supreme Court or the Sixth Circuit. As the Warden makes clear in opposing the stay, the Sixth Circuit plainly found that Grounds for Relief Twenty-Eight and Twenty-Nine were exhausted. *Rhines* does not support a further stay for exhaustion of those claims.

Carter relies on two cases from this Court which have stayed proceedings to permit presentation of newly-discovered evidence to the Ohio courts. In *Cook v. Anderson*, 2011 U.S. Dist. LEXIS 148541 (S.D. Ohio Dec. 22, 2011), Judge Watson stayed capital habeas corpus proceedings to allow the petitioner "to exhaust claims relating to the new evidence in the state courts." *Id.* at *9. Importantly, Judge Watson noted, "Respondent appears to be in agreement with that course of action." *Id.* In *Conway v. Houk*, Case No. 3:07-cv-345 (Decision and Order,

---

[1] Of course, in non-capital habeas cases, the petitioner has no incentive to delay finality, but the opposite is true in capital cases.

4

Sept. 6, 2011)(unreported)[2], the undersigned also stayed a capital habeas corpus case to allow a petitioner to exhaust a claim in the state courts on which he had gathered evidence in federal habeas corpus discovery. *Id.*, slip op. at 7. Although the Warden opposed the stay, he conceded the claim was unexhausted, instead insisting it was meritless. Neither of these decisions supports a stay in this case. Both stays were pre-judgment and to exhaust claims which the State agreed had not been exhausted in the state courts.

The Warden also opposes the stay on the grounds it exceeds the Sixth Circuit's mandate (Warden's Opposition, Doc. No. 169, PageID 628). Respondent cites *United States v. Stout*, 599 F.3d 549 (6th Cir. 2010), for the proposition that "[t]he basic tenet of the mandate rule is that the district court is bound to the scope of the remand issued by the court of appeals." *Id.* at 554. Petitioner contends the requested relief is not prohibited by the mandate rule because "[t]he question as to whether the case should be stayed pending exhaustion of evidence discovered in habeas proceedings was not before the Sixth Circuit" and "the Sixth Circuit did not place any limit on the scope of evidence to be considered by the District Court." (Reply Memorandum, Doc. No. 170, PageID 633.) However, the Court of Appeals also did not reopen this Court's final judgment generally. Instead, it held we had erred in finding the twenty-eighth and twenty-ninth Grounds for Relief procedurally defaulted insofar as those grounds had been fairly presented to the Ohio courts. Specifically, it held:

> Carter's twenty-eighth and twenty-ninth grounds for relief were fairly presented to the state courts and are not based on new or distinct theories insofar as they relate to the preparation of Carter's mitigation expert and the failure of Carter's mother to testify at his mitigation proceedings. On direct appeal to the Ohio Court of Appeals, Carter asserted in Assignment of Error X that:

---

[2] Petitioner cites this decision as *Conway v. Houk*, 2011 U.S. Dist. ___(S.D. Ohio, 2011) p. 7. The citation is virtually useless since Conway has two separate habeas corpus cases pending in this Court and the "citation" does not refer the reader to the case number or the date of decision.

5

> THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT IN ENTERING A SENTENCE OF DEATH WHEN DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE UNITED STATES CONSTITUTION, AMENDMENT VI.
>
> Issue 1. Has an accused been given effective assistance of counsel when his defense attorneys, in the penalty phase, elicit testimony from a mitigation expert when said testimony, taken as a whole, is very unfavorable to the accused?
>
> Issue 2. Has an accused been given effective assistance [of] counsel when his attorneys, lacking much in mitigatory evidence, fail to have the accused's mother testify on his behalf?
>
> Similarly, Carter presented these issues in his direct appeal to the Ohio Supreme Court as Propositions of Law number X and XI. And, Carter raised these issues again in his petition for post-conviction review as his Sixth, Ninth, and Eleventh Causes of Action.
>
> In his petition for habeas corpus to the federal district court, Carter's twenty-eighth ground for relief asserts that he was denied the effective assistance of counsel at the mitigation phase of his trial. The claim goes into some additional detail about the deficiencies of Dr. Chiappone's testimony and how, in Carter's view, it was caused by his failure to perform a diligent inquiry into Carter's background. Additionally, Carter also specifically raises as part of this ground for relief counsel's failure to have his mother testify. Similarly, Carter's twenty-ninth ground for relief raises the issue of counsels' ineffectiveness leading to the exclusion of evidence from the mitigation stage and, specifically, the trial court's refusal to provide the jury with a transcript of Dr. Chiappone's testimony. Therefore, because these claims were raised through a complete round of Ohio's appellate process, they are not procedurally defaulted. Because the district court erred in concluding otherwise, we remand the matter to the district court for it to consider the merits of these claims in the first instance and whether either entitles Carter to a writ of habeas corpus.

*Carter v. Mitchell,* 693 F.3d 555, 569 (6th Cir. 2012).  In other words, what was remanded was

the merits of the 28th and 29th Grounds for Relief as they had been previously presented. What Petitioner now desires to present to the state courts is a vastly expanded body of evidence purportedly related to trial counsels' ineffectiveness in presenting mitigation evidence, but far beyond the theory of ineffectiveness which the Sixth Circuit held had been fairly presented, to wit, ineffectiveness in examining Dr. Chiappone, in failing to call Carter's mother to testify, and in not pressing for a transcript of Chiappone's testimony for the jury's use.

## Conclusion

Because *Rhines v. Weber* does not support a stay for "unexhausted evidence" and because the issues for which the stay is sought exceed the scope of the mandate, the Court should deny Petitioner's Motion to Stay.

May 1, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638

F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).