IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

CEDRIC CARTER,

      Petitioner,

  -vs-

BETTY MITCHELL, Warden,

      Respondent.

Case No. 1:98-cv-853

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL POST-REMAND REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on remand from the Sixth Circuit, *Carter v. Mitchell*, 693 F.3d 555 (6th Cir. 2012). The Magistrate Judge has filed a Report and Recommendations on the remanded issues ("Report," Doc. No. 163). Petitioner filed Objections (Doc. No. 166), the Warden responded (Doc. No. 172), and Judge Rose has recommitted the case for a supplemental report upon analysis of the Objections and Response (Doc. No. 167). On May 1, 2013, Petitioner filed a Reply Memorandum in Support of Objections (Doc. No. 173) without leave of court. Fed. R. Civ. P. 72 provides for objections and a response to objections, but does not authorize a reply.

After the Mandate was received, neither party sought to submit any briefing on the remanded issues, despite being advised that otherwise they would be considered ripe for decision. Thus the Report was filed without any argument from Petitioner about the scope of remand. Because the Magistrate Judge understood this Court's authority as limited by the scope

1

of the remand, great care was taken in the Report to define that scope.  Having quoted Grounds Twenty-Eight and Twenty-Nine in full as pled, the Report noted that the Sixth Circuit held these Grounds as pled were broader than the analogous claims presented in the Ohio courts.  (Report, Doc. No. 163, PageID 561, citing *Carter*, 693 F.3d at 569.  It held

> Carter's twenty-eighth and twenty-ninth grounds for relief were fairly presented to the state courts and are not based on new or distinct theories **insofar as they relate to the preparation of Carter's mitigation expert and the failure of Carter's mother to testify at his mitigation proceedings.**

*Id*., (emphasis added).  The Report concluded "this Court's decision on the remanded issues is limited to those claims the Sixth Circuit found were fairly presented to the state courts." *Id.*

Because the state courts had decided the remanded issues on the merits, the Report concluded the proper standard of review was to defer to the state court decision unless it was contrary to or an "objectively unreasonable" application of clearly established United States Supreme Court precedent.  (*Id.* at PageID 562, *citing Bell v. Howes,* 703 F.3d 848 (6th Cir. 2012), *quoting Williams v. Taylor*, 529 U.S. 362, 409 (2000); see also 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002).  Petitioner objects to that standard of review because he says he has now shown that "the relevant Ohio court decisions were contrary to and an unreasonable application of clearly established United States Supreme Court precedent."  (Objections, Doc. No. 166, PageID 614.)  The Magistrate Judge disagrees and hereafter outlines the reasons for disagreement as to each of the remanded issues.

2

**Presentation of Dr. Chiappone**

As to the Ohio courts' decision that trial counsel's handling of Dr. Chiappone was not ineffective, Petitioner claims this was an objectively unreasonable application of the prejudice prong of *Strickland* as interpreted in *Lockhart v. Fretwell*, 506 U.S. 364 (1993) (Objections, Doc. No. 166, PageID 609-611). On initial direct appeal, the First District[1] expressly found counsels' presentation of Dr. Chiappone was competent. *State v. Carter*, 1993 WL 512859 *15-16 (Ohio App. 1st Dist. Nov. 3, 1993)("[W]e are not persuaded that trial counsel's representation of Carter fell below an objective standard of reasonableness.") On further direct appeal, the Ohio Supreme Court dealt with this ineffective assistance of trial counsel claim in summary fashion.

> None of these alleged deficiencies rises to the level of prejudicial deficient performance, nor otherwise meets the ineffective assistance of counsel criteria set forth above.

*State v. Carter*, 72 Ohio St. 3d 545 ¶ 29 (1995).

Carter argues that the Ohio Supreme Court "improperly conducted a separate inquiry into 'fundamental fairness.'" (Objections, Doc. No. 166, PageID 611.) That is not a fair reading of what the Ohio Supreme Court did. Although it accurately quoted the language from *Lockhart v. Fretwell* about fundamental unfairness of the proceeding, it never applied any such analysis. Rather, it affirmed the finding of the court of appeals that counsels' performance was not deficient. Reviewing courts are not obliged to address both the deficient performance and prejudice prongs if deciding one prong is dispositive. *Strickland v. Washington,* 466 U.S. 668, 697 (1984).

Furthermore, the Ohio Supreme Court decided this case in 1995 and thus did not have the

---

[1] Because the crime in suit occurred before January 1, 1995, Carter's direct appeal was in the first instance to the intermediate Ohio Court of Appeals, followed by mandatory review by the Ohio Supreme Court.

benefit of the clarification of *Lockhart* which the Court made in *Terry Williams v. Taylor,* 529 U.S. 362 (2000), on which Carter relies. *Id.* Of course, the objective reasonableness of state court applications of Supreme Court law relates to the Supreme Court precedent in place at the time the state court acts, not something the U.S. Supreme Court decides five years later. The reasonableness of the state court decisions must be measured against Supreme Court precedent as of the time the state court enters its decision. *Gover v. Perry*, 698 F.3d 295 (6th Cir. 2012), *citing Greene v. Fisher*, 565 U.S. ___, 132 S. Ct. 38 (2011).

**Failure to Present Carter's Mother[2]**

As to the claim it was ineffective assistance of trial counsel to fail to present mitigation testimony from Carter's mother, Carter claims the state courts' decision that her testimony would have been cumulative was unreasonable. The core holding from the court of appeals on post-conviction appeal was "[t]he essence of her proposed testimony regarding Carter's developmental, educational, interpersonal, and substance-abuse problems was presented through Carter's unsworn statement and the testimony of the other mitigation witnesses." *State v. Carter,* 1997 WL 705487 *6-7 (Ohio App. 1st Dist. Nov. 14, 1997).

Carter's assertion of unreasonableness depends entirely on his assertion that the jury could not always hear Dr. Chiappone, rather than any analysis of the content of Carter's mother's proposed testimony (Objections, Doc. No. 166, PageID 613). In the Report, the Magistrate Judge recites the entirety of the trial court record on whether Dr. Chiappone could be heard (Report, Doc. No. 163, PageID 581). Dr. Chiappone's testimony was quite lengthy. The Magistrate Judge is unaware of any precedent, Supreme Court or otherwise, suggesting that

---

[2] Petitioner's mother is sometimes referred to in the record as "Desa Savage" and sometimes as "Desa Spaulding."

because a jury may have had some difficulty hearing one witness's testimony, it would be unconstitutional trial court error not to allow another witness to testify to the same facts[3] or ineffective assistance of trial counsel not to attempt to present that other witness.

In his Objections, Carter raises two other claims about the failure to offer Carter's mother's testimony: (1) "others, such as Carter's mother, could have testified first-hand concerning his childhood and mental health history," and (2) "simply because some mitigating evidence regarding Carter's abusive childhood was introduced to the jury it does not follow that the jury was provided with a comprehensive understanding of Carter's abusive relationship with his father or other aspects of his troubled childhood." (Objections, Doc. No. 166, PageID 613.) Both of these claims are far outside the scope of the remanded issue of not presenting Carter's mother.

**The Transcript of Dr. Chiappone's Testimony**

Petitioner makes no objection to the Report's recommended disposition of this remanded issue.

**Consideration of New Evidence Discovered in Habeas**

Carter lists at length evidence which he believes shows his "involvement in the murder was more a product of things outside his conscious control than simply bad character or bad

---

[3] As the Report notes, the issue of the jury's request for a transcript of Dr. Chiappone's testimony was litigated in the state courts as a matter of trial court error, rather than ineffective assistance of trial counsel. Nevertheless, because of the mandate, we are obliged to deal with it as an ineffective assistance claim. (Report, Doc. No. 163, PageID 580.)

5

choices." (Objections, Doc. No. 166, (PageID 615-620.)  Because Carter has not shown the state court decisions were unreasonable applications of Supreme Court precedent, this Court cannot consider this additional evidence.  *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011). Moreover, considering additional evidence is not within the mandate from the Sixth Circuit. Nothing of course prevents Carter from presenting this new evidence to the state courts in an attempt at a successive post-conviction petition proceeding, although the Magistrate Judge has recommended that this Court not stay this proceeding during the pendency of any such attempt.

### Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Court deny habeas relief on all three of the remanded issues.  However, because the Sixth Circuit found these issues sufficiently arguable to merit remand, a certificate of appealability should issue as to all three.

May 2, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).