IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

CEDRIC CARTER,

    Petitioner,

Case No. 1:98-cv-853

  -vs-

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO STAY FEDERAL HABEAS PROCEEDINGS

This capital habeas corpus case is before the Court on Petitioner's Motion to Stay Federal Habeas Proceedings and Hold Them in Abeyance to Permit Petitioner to Return to State Court to Exhaust Evidence Developed During Federal Habeas Proceedings (Doc. No. 165). The Magistrate Judge filed a Report recommending denial (Doc. No. 174), Petitioner filed Objections (Doc. No. 176), the Warden has responded to those Objections (Doc. No. 179), and Judge Rose has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 178).

This Court entered final judgment denying Cedric Carter's habeas corpus petition on March 30, 2007 (Doc. No. 148). On appeal, the Sixth Circuit affirmed except as to the Twenty-Eighth and Twenty-Ninth Grounds for Relief. *Carter v. Mitchell*, 693 F.3d 555 (6th Cir. 2012). The Sixth Circuit held that these two claims had been exhausted in the Ohio courts and not procedurally defaulted "insofar as they relate to the preparation of Carter's mitigation expert and

1

the failure of Carter's mother to testify at his mitigation proceedings." *Carter*, 693 F.3d at 569. Having found that those two claims were not procedurally defaulted, the court remanded for a decision on the merits of those claims as they were construed by the Court of Appeals. This Court has now decided those two claims on the merits and the case is again ripe for appeal to the Sixth Circuit (Entry and Order, Doc. No. 181).

After the Magistrate Judge filed a Report recommending denial of the remanded issues on the merits, Carter filed the instant Motion for Stay (Doc. No. 165), seeking to return to the Ohio courts to present evidence on claims of ineffective assistance of trial counsel which has never been presented to those courts. The Magistrate Judge recommended denying that Motion because (1) federal habeas law does not provide for a stay to allow state courts to consider evidence never presented to them ("unexhausted evidence"), but only for unexhausted claims and only then pre-judgment; (2) a stay for this purpose would exceed the scope of the mandate (Report and Recommendations, Doc. No. 174).

**Unexhausted Facts versus Unexhausted Claims**

Carter first objects that "there is no reason to distinguish between an exhausted claim and newly discovered evidence in support of the previously exhausted claim when deciding whether to grant a stay." (Objections, Doc. No. 176, PageID 680). This statement ignores the principal point made in the Report: to allow a stay to litigate new evidence in mitigation would virtually destroy finality in capital habeas corpus litigation (Report, Doc. No. 174, PageID 665).

Petitioner relies first on *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011), *cert. denied sub nom. Chappell v. Gonzalez*, 133 S. Ct. 155, 184 L. Ed. 2d 234 (2012). There the Ninth Circuit

remanded with instructions to stay "until Gonzales has had an opportunity to present this new evidence to the California Supreme Court." 667 F.3d at 999. Judge Fletcher, however, would have held *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), inapplicable and decided Gonazles' unexhausted *Brady* claim on appeal without remand. *Id.* Judge O'Scannlain dissented, believing the majority's disposition directly conflicted with *Pinholster. Id.* at 1017. In *Gonzalez*, the petitioner had exhausted one *Brady* claim about nondisclosure of the informant's criminal history, but had never been able to exhaust another *Brady* claim about undisclosed documents on the informant's mental state and credibility because these were only discovered in federal habeas. A hypothetical *Brady* claim was the focus of Justice Sotomayor's dissent in *Pinholster.*

*Gonzalez* is obviously not controlling law in the Sixth Circuit. Nor, given the fractured opinion on the critical issue, is it persuasive. Finally, *Gonzalez* is about a *Brady* **claim** which was never presented to or exhausted in the state courts, albeit that claim was also supported by new evidence. In this case we are dealing with claims which were exhausted and have been found to have been exhausted by the Sixth Circuit.

Carter points to no authority besides *Gonzalez* for allowing a stay post-judgment. In *Cook v. Anderson*, 2011 U.S. Dist. LEXIS 148541 (S.D. Ohio 2011), Judge Watson permitted a pre-judgment stay "to exhaust **claims** relating to the new evidence." *Id.* at *9 (emphasis added). Importantly, the State agreed with that approach. In *Conway v. Houk,* Case No. 3:07-cv-345 (S.D. Ohio Sept. 6, 2011)(unreported[1]), the undersigned also granted a pre-judgment stay to permit exhaustion of claims in a new Ohio post-conviction proceeding. In both of these cases,

---

[1] Under the EGovernment Act, this decision should have been reported when filed. Presumably the failure to do so was caused by a failure to designate it as a written opinion by the docketing deputy clerk. As of the date of this Report, it has been redesignated as a written opinion and presumably will be reported shortly in both the Lexis and Westlaw databases.

the requests were to exhaust claims, not new evidence on already exhausted claims, and they were made pre-judgment. Carter argues these distinctions mean little because the burden is on the petitioner to prove exhaustion (Objections, Doc. No. 176, PageID 688). That of course ignores the effect of allocating that burden. In a non-capital case, where the petitioner wants the case resolved as promptly as possible, the State has an interest in insisting on exhaustion. In a capital case, where the petitioner's interest is in prolonging the proceedings, the State's interest in finality is substantially greater. As noted in the first Report on this Motion, the variety of relevant mitigating evidence in a capital case is, under the ABA Guidelines and the case law, enormous. It is easy to imagine repeated post-conviction discoveries of "new" mitigating evidence and the construction of arguments about why it was ineffective assistance of trial counsel to fail to discover it before. To permit stays, perhaps on a repeated basis, pending exhaustion of new evidence would turn the exhaustion doctrine into a mechanism for indefinite delay of finality.

## Scope of the Mandate

The Magistrate Judge also recommended denial because a stay for new state court proceedings would exceed the scope of the Sixth Circuit's mandate. Carter objects "[t]he question as to whether the case should be stayed pending exhaustion of evidence discovered in habeas proceedings was not before the Sixth Circuit." (Objections, Doc. No. 176, PageID 688.) That is precisely the point: the Sixth Circuit has not decided whether this or any case can be stayed pending exhaustion of new evidence. In fact, Carter's situation is quite parallel to that of Gonzalez. There the Ninth Circuit was confronted with new evidence which at least two judges

4

believed the habeas courts could not consider because of *Pinholster*. The Ninth Circuit remanded with instructions to stay pending exhaustion. The Sixth Circuit remanded this case with instructions to decide the merits of Grounds for Relief Twenty-Eight and Twenty-Nine on the evidence already before this Court, which we have now done. If the Sixth Circuit accepts the reasoning of *Gonzalez*, it will be free to enter a similar order when this case is again before it.

Carter objects that the Sixth Circuit "did not place any limit on the scope of evidence to be considered by the District Court" (Doc. No. 176, PageID 688). However, the circuit court certainly recognized the limit placed both on it and on this Court by *Pinholster*. Recognizing that limit, it did not even suggest as a possibility that this Court might reopen the judgment and stay the case pending an attempted return to state court.

## Conclusion

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that Carter's Motion to Stay be denied. Given the *Gonzalez* decision and the uncertainty of the scope of *Pinholster*, however, the questions raised by the Motion to Stay should be included in the certificate of appealability in this case.

June 19, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).